Mark BREEDEN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2008–CA–000243–MR.

Court of Appeals of Kentucky.

July 17, 2009.

Mark Breeden, Lexington, KY, pro se.

Jack Conway, Attorney General of Kentucky, Jason B. Moore, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER, STUMBO, and VANMETER, Judges.

*OPINION*

STUMBO, Judge.

Appellant Mark Breeden appeals the lower court's denial of his "Motion to Arrest Judgment Requiring Imprisonment on Finding Guilty but Mentally Ill Judgment." In his motion, Appellant requested a hearing before the trial court in order to determine if he was receiving proper psychiatric treatment in accordance with his plea of guilty but mentally ill. The lower court denied the motion and this appeal followed.

The underlying criminal allegations of this case are not relevant to our analysis. What is relevant is that Appellant, pursuant to a plea agreement, entered a plea of guilty but mentally ill. He was sentenced to a total of ten years' imprisonment, probated for five years. Appellant's probation was revoked in December of 2006, due to probation violations. Appellant then began serving his sentence.

On November 30, 2007, Appellant filed the motion to arrest judgment alleging that he was not receiving psychiatric care as was required by statute. Kentucky Revised Statute (KRS) 504.150(1) states in pertinent part:

> The court shall sentence a defendant found guilty but mentally ill at the time of the offense to the local jail or to the Department of Corrections in the same manner as a defendant found guilty. If the defendant is found guilty but mentally ill, treatment shall be provided the defendant until the treating professional determines that the treatment is no longer necessary or until expiration of his sentence, whichever occurs first.

The lower court treated this motion as a CR 60.02 motion. The Commonwealth did

not respond to Appellant's motion. The lower court denied the motion stating it could find "no grounds upon which to grant the relief requested by the Defendant."

The Commonwealth argues in its brief that Appellant is not entitled to relief and that the lower court properly overruled the motion. The Commonwealth argues that the issue of not receiving the proper treatment is one between Appellant and the Department of Corrections because the Department of Corrections has custody of Appellant, has records regarding any psychiatric treatments Appellant may or may not be receiving, and the Department of Corrections was not a party to the underlying action.

We agree with the Commonwealth. KRS 504.150 requires that Appellant be provided whatever psychiatric treatment is necessary to treat his condition. However, a motion for post-conviction relief is not the proper avenue to pursue this action. There is no Kentucky case law directly on point, but our research has led us to the case of *People v. Sorna*, 88 Mich.App. 351, 276 N.W.2d 892 (1979). In that case, the Michigan Court of Appeals held that a defendant found guilty but mentally ill could not seek reversal of his conviction based on not receiving psychiatric treatment. Instead, the Court found that "[i]f the Department of Corrections is failing to meet its statutory obligation to provide the psychiatrically-indicated treatment for the defendant ... then the appropriate remedy would be a complaint for a writ of mandamus to the Department of Corrections to enforce its duty under the statute...." *Id.* at 897. We agree that this would be the proper mode to challenge the lack of psychiatric treatment. *See also Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky.App.1997)(holding that "[a] petition for declaratory judgment pursuant to KRS 418.040 has become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates may seek review of their disputes with the Corrections Department.").

In the case at hand, Appellant's motion was not the proper method to enforce his psychiatric treatment and it was properly denied. We affirm.

ALL CONCUR.